UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PASSAVANT MEMORIAL HOMES, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:21-CV-284 |
| | ) | |
| TEAMSTERS, AUTOMOTIVE CHAUFFEURS, | ) | |
| PARTS, GARAGE, OFFICE CLERICAL, | ) | |
| AIRLINE, HEALTHCARE, PETROLEUM | ) | |
| INDUSTRY, PRODUCE, BAKERY AND | ) | |
| INDUSTRIAL WORKERS, WITHIN WESTERN | ) | |
| PENNSYLVANIA AND JOINT COUNCIL #40, | ) | |
| LOCAL UNION No. 926, affiliated with | ) | |
| INTERNATIONAL BROTHERHOOD OF | ) | |
| TEAMSTERS, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND COUNTERCLAIM TO ENFORCE ARBITRATION AWARD**

The Defendant, Teamsters, Automotive Chauffeurs, Parts, Garage, Office Clerical, Airline, Healthcare, Petroleum Industry, Produce, Bakery and Industrial Workers, within Western Pennsylvania and Joint Council #40, Local Union No. 926, a/w International Brotherhood of Teamsters (hereinafter the "Union"), hereby files this ANSWER AND COUNTERCLAIM TO ENFORCE ARBITRATION AWARD in response to the COMPLAINT AND MOTION TO VACATE ARBITRATION AWARD (Document #1) filed by the plaintiff, Passavant Memorial Homes, Inc. (hereinafter the "Employer"), responding to the numbered paragraphs of said COMPLAINT as follows:

1

**ANSWER**

1.      ADMITTED.

2.      ADMITTED.

3.      ADMITTED. The Union admits that Jane Desimone, Esquire, the neutral arbitrator selected by the Employer and the Union hear and decide the Grievance challenging the discharge of Richard Marto (an employee of the Employer and a member of the Union), issued her Opinion and Award (Exhibit B to the Employer's Complaint) on February 9, 2021.

4.      DENIED. Arbitrator Desimone determined that the Employer's decision to discharge Marto lacked just cause and therefore violated the terms of the parties' CBA (Exhibit A to the Employer's Complaint). Accordingly, the Award draws its essence from the terms of the Collective Bargaining Agreement. Further, the Award does not interfere with any right of the Employer to enforce its policy on terroristic threats.

5.      DENIED.

6.      DENIED AS STATED. Although Arbitrator Desimone held that the basic facts surrounding the statement made by Marto to co-worker Tiffany Cole were not in dispute, the Arbitrator found that Marto did not intend to, and in fact did not make, a terroristic threat. The Arbitrator specifically held that the Employer failed to prove any intent on the part of Marto to make a threat, and in the absence of intent the Employer failed to prove a violation of its Safety and Security Policy (Complaint, Exhibit B, Desimone Award, pp.7-8). That determination was within the authority of the Arbitrator.

7.      DENIED AS STATED. The Arbitrator found that Marto made the statement attributed to him by Cole, but the Arbitrator held that Marto did not intend to make a threat. The

Arbitrator held that in the absence of proof of intent there was no violation of the Employer's Safety and Security Policy (Complaint, Exhibit B, Desimone Award, pp.7-8).

8.      DENIED. The Arbitrator resolved the question that was presented by the Grievance, and that determination fell squarely within the authority granted to the Arbitrator under Article IV of the CBA.

9.      The Union acknowledges that the excerpt quoted in Paragraph 9 of the Complaint is an accurate excerpt from the Arbitrator's Award. To the extent that the Employer seeks to characterize that excerpt, the Award is a document that speaks for itself and any effort to mischaracterize its contents is denied.

10.      DENIED.

11.      DENIED AS STATED. The Union acknowledges that the excerpt quoted in Paragraph 11 of the Complaint was drawn from the Arbitrator's Award. To the extent that the Employer seeks to characterize that excerpt, the Award is a document that speaks for itself and any effort to mischaracterize its contents is denied.

### The Parties, Jurisdiction, And Venue

12.      ADMITTED.

13.      ADMITTED as to Defendant, Teamsters, Automotive Chauffeurs, Parts, Garage, Office Clerical, Airline, Healthcare, Petroleum Industry, Produce, Bakery and Industrial Workers, within Western Pennsylvania and Joint Council #40, Local Union No. 926, a/w International Brotherhood of Teamsters. The Union acknowledges that the International Brotherhood of Teamsters (the "IBT") is a labor organization, but there is no basis on which the Complaint characterizes the IBT as a defendant in this action.

14.     ADMITTED AS TO THE UNION. The Union (Teamsters, Automotive Chauffeurs, Parts, Garage, Office Clerical, Airline, Healthcare, Petroleum Industry, Produce, Bakery and Industrial Workers, within Western Pennsylvania and Joint Council #40, Local Union No. 926, a/w International Brotherhood of Teamsters) has its principal office located at 4240 Steubenville Pike, Pittsburgh, PA 15205.

15.     ADMITTED AS TO THE UNION. The Union, along with two other Teamster local unions (Local 261 and Local 326), are the joint exclusive representatives of a bargaining unit of the Employer's employees. Richard Marto held a job that is represented by the Union.

16.     ADMITTED.

17.     ADMITTED.

18.     ADMITTED.

19.     ADMITTED IN PART AND DENIED IN PART. It is admitted that Article IV of the CBA is entitled "Management Rights." The remaining allegations of Paragraph 19 state a legal conclusion to which no factual response is required. To the extent that the remaining allegations of Paragraph 19 assert any factual claims, said claims are DENIED.

20.     ADMITTED IN PART AND DENIED IN PART. It is admitted that the quoted language in Paragraph 20 of the Complaint is contained within the CBA. By way of further response, the CBA is a document that speaks for itself, and the Employer's attempts to characterize provisions within the document are DENIED.

21.     ADMITTED IN PART AND DENIED IN PART. It is admitted that the quoted language in Paragraph 21 of the Complaint is contained within the CBA. By way of further response, the CBA is a document that speaks for itself, and the Employer's attempts to characterize provisions within the document are DENIED.

22.     ADMITTED IN PART AND DENIED IN PART. It is admitted that the quoted language in Paragraph 22 of the Complaint is contained within the CBA. By way of further response, the CBA is a document that speaks for itself, and the Employer's attempts to characterize provisions within the document are DENIED.

23.     ADMITTED IN PART AND DENIED IN PART. It is admitted that the quoted language in Paragraph 23 of the Complaint is contained within the CBA. By way of further response, the CBA is a document that speaks for itself, and the Employer's attempts to characterize provisions within the document are DENIED.

24.     ADMITTED.

25.     ADMITTED.

26.     ADMITTED.

24.     ADMITTED.

25.     ADMITTED.

26.     ADMITTED.

27.     ADMITTED.

28.     DENIED. It is unclear what is being alleged in Paragraph 28. To the extent that the Employer alleges that the statement attributed to Marto is expressly addressed within the Employer's Policy, that allegation is DENIED.

29.     ADMITTED.

30.     ADMITTED.

31.     ADMITTED.

32.     ADMITTED.

33.     ADMITTED.

34.    ADMITTED.

35.    ADMITTED.

36.    DENIED.

37.    ADMITTED IN PART AND DENIED IN PART. It is admitted that the quoted language in Paragraph 37(a, b, c, d and e) of the Complaint constitute excerpts from the Award. By way of further response, Exhibit B is a document that speaks for itself, and the Employer's attempts to characterize the document are DENIED.

38.    DENIED.

39.    DENIED. In fact, Arbitrator Desimone concluded that the evidence demonstrated that Marto did not have the intent to make a threat of violence or a terroristic threat.

40.    DENIED.

## COUNT I - ANSWER

41.    The Union hereby incorporates by reference Paragraphs 1 through 40 above as though more fully set forth herein.

42.    DENIED. Paragraph 42 of the Complaint states a legal principle to which no factual response is required. To the extent that any factual response is required, the allegations of Paragraph 42 are DENIED.

43.    DENIED. Paragraph 43 of the Complaint states a legal principle to which no factual response is required. To the extent that any factual response is required, the allegations of Paragraph 43 are DENIED.

44.    DENIED. Paragraph 44 of the Complaint states a legal principle to which no factual response is required. To the extent that any factual response is required, the allegations of Paragraph 44 are DENIED.

45.     DENIED. Paragraph 45 of the Complaint states a legal principle to which no factual response is required. To the extent that any factual response is required, the allegations of Paragraph 45 are DENIED.

46.     DENIED. Paragraph 46 of the Complaint states a legal principle to which no factual response is required. To the extent that any factual response is required, the allegations of Paragraph 46 are DENIED.

## COUNT II

47.     The Union hereby incorporates by reference Paragraphs 1 through 46 above as though more fully set forth herein.

48.     DENIED. Paragraph 48 of the Complaint states a legal principle to which no factual response is required. To the extent that any factual response is required, the allegations of Paragraph 48 are DENIED.

49.     ADMITTED.

50.     DENIED. Paragraph 50 of the Complaint states a legal principle to which no factual response is required. To the extent that any factual response is required, the allegations of Paragraph 50 are DENIED.

51.     DENIED.

WHEREFORE, the Defendant, Union respectfully requests this Court to: (1) enter judgment in favor of the Defendant and against the Plaintiff on Counts I and II of the Complaint, (2) dismiss the Complaint in its entirety, and (3) award attorneys' fees and costs against the Plaintiff and in favor of the Defendant.

## COUNTERCLAIM TO ENFORCE ARBITRATION AWARD

52.     The Union hereby incorporates by reference Paragraphs 1 through 51 above as though more fully set forth herein.

53.     The Union properly filed and processed the Marto Discharge Grievance through the steps of the grievance procedure of the CBA.

54.     The Employer and the Union jointly selected Arbitrator Desimone to hear and decide the Marto Discharge Grievance. At the hearing, the Employer stipulated that the Marto Discharge Grievance was properly before Arbitrator Desimone for a final and binding decision pursuant to the provisions of Article VIII, Section 1, Step Three, Paragraph 4 of the CBA. "The award of the arbitrator shall be final and binding on the Company, the Union, and the employee(s) involved. (Complaint, Exhibit A, p. 9).

55.     The Employer and the Union have agreed in their CBA that any all disputes arising under the CBA shall be resolved solely and exclusively through the contractual grievance/arbitration procedure. Article VIII, Section 1 of the CBA states:

> *Section 1.     Should any difference, dispute, or controversy arise between the Company and the Union, or with any member of the Bargaining Unit, as to the meaning, compliance with, or application of the provisions of this Agreement, there shall be no suspension of work on account of such differences, but such differences shall immediately be settled in the following manner.*

Section 1 then sets forth the grievance/arbitration procedure that the parties have agreed upon and utilized to resolve hundreds of disputes arising under the CBA, including many disputes over whether the Employer had just cause to discipline and/or discharge bargaining unit employees for disciplinary reasons.

56.     Federal labor law favors the resolution of labor disputes through private arbitration as a means to avoid labor unrest and disruptions to interstate commerce.

57.     The Desimone Award was rendered after a full and fair hearing in which both parties had the right to present the testimony of witnesses and other evidence and to cross-examine the other party's witnesses. The Employer was represented by legal counsel throughout the hearing and had the opportunity to submit a written post-hearing memorandum in support of its position.

58.     The parties bargained for the decision of the arbitrator to be the final and binding resolution of the Marto Discharge Grievance. The Arbitrator had full authority under the CBA to hear the evidence and decide whether the Employer proved a violation of its Policy. The Arbitrator rendered her finding that the Employer failed to meet its burden to prove just cause, and therefore the discharge violated Article IV of the CBA.

59.     The Employer's efforts to challenge the Arbitrator's ruling are based on the Employer's dissatisfaction with the outcome and not on any legally cognizable basis. Arbitrator Desimone heard the evidence presented in the hearing, interpreted the just-cause provision of Article IV of the CBA in light of that evidence, and concluded that the discharge violated the just-cause provision. Accordingly, the Arbitrator's Award derived its essence from the CBA.

60.     The Employer's public policy argument is meritless.

61.     The Employer's issues amount at best to a claim that the Arbitrator made mistakes of fact and/or law in rendering her Award. The well-established federal labor policy in favor of the finality of labor arbitration awards has long prevented parties from attacking arbitration decisions with arguments that the arbitrator made a mistake of fact and/or law.

62.     For over sixty years federal labor law has favored the resolution of labor dispute through arbitration.  The Federal courts have repeatedly held that where the parties to a collective

bargaining agreement agree to accept an arbitrator's decision as final and binding, the factual and legal conclusions reached by the arbitrator in rendering that decision are generally insulated from review by the courts.  The purpose of this long-standing, well-established Federal policy is to encourage peaceful resolution of labor disputes and avoid industrial strife and labor unrest.

63.     Inasmuch as the Arbitration Award rationally derives its essence from the terms of the CBA, and in view of the parties' contractual agreement that the arbitrator's decision would be final and binding upon them, the Arbitration Award must be enforced.

WHEREFORE, the Defendant/Plaintiff-In-Counterclaim, Union (Teamsters, Automotive Chauffeurs, Parts, Garage, Office Clerical, Airline, Healthcare, Petroleum Industry, Produce, Bakery and Industrial Workers, within Western Pennsylvania and Joint Council #40, Local Union No. 926, a/w International Brotherhood of Teamsters), respectfully requests this Court to: (1) enter judgment in favor of the Defendant/ Plaintiff-In-Counterclaim and against the Plaintiff/Defendant-In-Counterclaim, (2) enter an order compelling the Plaintiff/Defendant-In-Counterclaim to take the steps necessary to comply with the Desimone Award in its entirety, and (3) award attorneys' fees and costs against the Plaintiff/Defendant-In-Counterclaim and in favor of the Defendant/ Plaintiff-In-Counterclaim.

Respectfully submitted,

EBERLE & BUNDICK, LLC

By: /s/ Robert A. Eberle, Esq.

Robert A. Eberle, Esquire
PA ID#47359
P.O. Box 44290
Pittsburgh, PA 15205
Ph.: (412) 368-5541
Fax: (412) 489-0174

bob@eblaborlaw.com

By: /s/ Amanda B. Bundick, Esq.

Amanda B. Bundick, Esquire
PA ID#316622
P.O. Box 44290
Pittsburgh, PA 15205
Ph.: (412) 368-5541
Fax: (412) 489-0174
amanda@eblaborlaw.com


Attorneys for Defendant Teamsters Union No. 926